81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America Plaintiff-Appellee,
v.
Christopher Michael SMOKEY Defendant-Appellant.
 No. 95-10170.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 14, 1996.
Decided March 27, 1996.
 
 Before: REINHARDT, THOMPSON, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Smokey appeals his conviction on the grounds (1) that the district court erred when it refused to suppress his confession, (2) that there was insufficient evidence to convict him of second degree murder, and (3) that the district court erred in refusing to give the jury a specific unanimity instruction.
 
 I.
 
 3
 A defendant may waive the rights conveyed in the Miranda warnings "provided that waiver is made voluntarily, knowingly and intelligently." Moran v. Burbine, 106 S.Ct. 1135, 1141 (1986). Determining whether a defendants' Miranda waiver is valid has two distinct dimensions:
 
 
 4
 First, the relinquishment of the right must have been voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception. Second, the waiver must have been made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.
 
 
 5
 Id. at 1141.
 
 
 6
 Smokey contends that the district court erred in concluding that his waiver of Miranda rights was valid. He does not argue that his waiver was not "voluntary." Instead, he claims that it was not "knowing and intelligent." Specifically, Smokey argues that the combination of his intoxication, his ignorance of the fact that the man with whom he had been fighting died after the fight, the fact that he had not slept for a very long period of time, and the fact that the statements he made during his interrogation were inconsistent with other evidence compels the conclusion that the totality of circumstances was such that his waiver of rights was not knowing and intelligent. We disagree.
 
 
 7
 We review the district court's determination that a defendant's Miranda waiver was knowing and intelligent for clear error. United States v. Bautista-Avila, 6 F.3d 1360, 1364 (9th Cir.1993). "Whether there has been a valid waiver depends on the totality of the circumstances, including the background, experience, and conduct of defendant." Id. at 1365.
 
 
 8
 The fact that Smokey was unaware that Morgan had died from the knife wound and that he was being interrogated about a homicide, and not a fight, did not invalidate his Miranda waiver. Grooms v. Keeney, 826 F.2d 883, 886 (9th Cir.1987) (fact that defendant suspected of robbing and beating did not know victim had died when he confessed to the crime did not prevent defendant from making a knowing and intelligent waiver). The fact that Smokey was intoxicated and had not slept for quite some time also did not invalidate his waiver. Smokey did not present any evidence that the alcohol or lack of sleep affected his cognitive or physical abilities.[1]
 
 
 9
 At the suppression hearing, the government presented the uncontroverted testimony of the two interrogating officers that Smokey read an advice of rights form and the "Waiver of Rights" section of that form. The officers testified that he read the form to them clearly and distinctly, understood it, and signed it. The advice of rights form with Smokey's signature, witnessed by the officers, was also presented during the hearing. Moreover, the officers, one of whom had known Smokey for three years prior to the evening in question, testified that there was nothing out of the ordinary in the way he was speaking or behaving, that his speech was normal, that his answers to questions were clear and responsive, and that he was not staggering or stumbling. Also, a third law enforcement officer, who also had previously known Smokey, testified that when he spoke with Smokey at the hospital prior to the interrogation, he was fully capable of walking and speaking normally.
 
 
 10
 Smokey's own testimony at the suppression hearing did not contradict that of the officers in any respect. He only testified he was unable to recall most of what had happened while he was intoxicated.
 
 
 11
 We hold that the district court did not clearly err in finding Smokey's waiver knowing and intelligent.
 
 II.
 
 12
 Smokey argues that there was insufficient evidence to convict him of all the elements of second degree murder, specifically that the evidence was insufficient to establish that he did not act in self-defense or that he acted with malice aforethought.
 
 
 13
 In determining whether the government presented sufficient evidence to convict, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979); U.S. v. Restrepo, 930 F.2d 705 (9th Cir.1991).
 
 
 14
 Smokey contends that no rational trier of fact could have found that his stabbing of Morgan was not a reasonable exercise of self-defense because he was defending Ortiz and because the wound inflicted was only two and one half inches deep while the blade that inflicted it was eight to nine inches long.
 
 
 15
 Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could very well have found that Smokey's use of force was not in self-defense because he used more force than was reasonably necessary under the circumstances. When Smokey stabbed him, Morgan was unarmed and struggling with Ortiz who was wielding a knife. The jury could have reasonably inferred from that fact that, even if Smokey perceived Morgan to be threatening Ortiz with the immediate use of unlawful force, he used a greater degree of force than was necessary to protect Ortiz. Viewed in the light most favorable to the prosecution, a rational jury could have concluded that the threat to Ortiz posed by the unarmed Morgan was not commensurate with the great bodily harm Smokey could reasonably expect to inflict with a two-and-a-half-inch-deep knife thrust into Morgan's neck.
 
 
 16
 A reasonable jury could likewise have found that Smokey acted with malice aforethought. The jury heard testimony that he took a knife to Morgan's house, that, when interrogated, he said he had gone to the house for revenge, and that he was brandishing the knife when Morgan came out of the house to see what had happened to his car. A rational jury could reasonably infer from these facts, and the fact that Morgan was an unarmed man holding the arms of a woman with a knife at the time Smokey inflicted the fatal knife wound, that Smokey either intended to kill Morgan or was behaving recklessly with an extreme disregard for human life.
 
 
 17
 Thus, there was sufficient evidence for the jury to convict Smokey of second degree murder.
 
 III.
 
 18
 At trial, Smokey requested a specific unanimity instruction on the ground that there was a genuine possibility of jury confusion, and that he might be convicted as the result of different jurors concluding that he committed different acts. See, e.g., United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.1989), cert. denied, 443 U.S. 969 (1989).[2]
 
 
 19
 Normally, a general unanimity instruction to the jury that it must be unanimous on whatever specifications form the basis for a guilty verdict is sufficient. U.S. v. Payseno, 782 F.2d 832, 835 (9th Cir.1986). We have held that a specific unanimity instruction is necessary in cases in which (1) the jury indicates in some manner that it is confused regarding the nature of a charged conspiracy, (2) the indictment is sufficiently broad and ambiguous so as to engender juror confusion, or (3) the evidence is sufficiently factually complex to indicate that juror confusion may occur. Anguiano, 873 F.2d at 1319-21.
 
 
 20
 The evidence in this case was not complex or confusing, and neither of the other listed factors was present. See United States v. Sanchez, 914 F.2d 1355 (9th Cir.1990), cert. denied, 499 U.S. 978 (1991). Smokey contends the evidence was unclear whether he or Ortiz delivered the fatal stab wound. Yet, all of the testimony at trial, both in the government's case and in Smokey's, except for Ortiz's confession--supported the theory that it was Smokey, not Ortiz, who stabbed Morgan. There was not a genuine possibility that any member of the jury concluded that Ortiz stabbed Morgan, when Smokey himself testified to the contrary and argued that he stabbed Morgan in self-defense. Cf. Payseno, 782 F.2d at 837 (finding genuine possibility of juror confusion in case involving three acts of extortion directed at separate victims, occurring at different times, in different locations, involving different methods of communicating threats, and carried out by varying numbers of individuals). Accordingly, the district court did not err in refusing to give a specific unanimity instruction.
 
 CONCLUSION
 
 21
 We hold that the district court did not err in finding that Smokey's Miranda waiver was knowing and intelligent or in refusing to give a specific unanimity instruction. Finally, we hold that the evidence presented at trial was sufficient to support Smokey's conviction for second degree murder.
 
 
 22
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Smokey offered no evidence that his statements were drastically inconsistent with facts that were established through eyewitnesses and physical evidence except for the fact that no other witness heard a statement he told the officers he made to Morgan: "You want to play with knives, come on, let's get it on, we can both die right here, come on." Having considered this evidence, the district court concluded that there was "very little evidence that would indicate that [Smokey's] responses were not consistent with other evidence that ha[d] been developed in this case." This finding was not clearly erroneous
 
 
 [2]
 Smokey raises two issues for the first time in his reply brief: (1) that the district court did "not adequately instruct the jury that the principal and the aider and the abettor could not be the same person" and (2) that the district court erred in failing to "explicitly admonish the jury that they could convict only if all the jurors agreed that all the elements of the charge were proven." We decline to reach issues raised for the first time in the appellant's reply brief. Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990). Nevertheless, we note that the special instruction given to the jury during their deliberations made it clear that the principal and the aider and abettor could not be the same person. Likewise, the instructions, viewed as a whole made it clear to the jury that it should only convict a defendant if all the jurors agreed that all the elements of the crime had been proven